Hazelwood v. Highland Hospital

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand and nineteen.

Present:
> REENA RAGGI,
> PETER W. HALL,
> RICHARD J. SULLIVAN
> *Circuit Judges.*

---

Elizabeth A. Hazelwood,

> *Plaintiff-Appellant,*

v.                                                                                          17-4139-cv

Highland Hospital, Mary Johnson, Individually,

> *Defendants-Appellees.*

---

| | |
|---|---|
| *For Appellee*: | STEPHEN J. JONES, Nixon Peabody LLP, Rochester, New York. |
| *For Appellant*: | RYAN C. WOODWORTH, The Woodworth Law Firm, Rochester, New York. |

Appeal from a judgment entered November 30, 2017 in the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Appellant Elizabeth Hazelwood, who is deaf, appeals from an order granting summary judgment to Appellees Highland Hospital and Mary Johnson (collectively "Highland") on her claims for failure to accommodate and unlawful retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments presented on appeal, which we describe only as necessary to explain our decision to affirm.

We review *de novo* a district court's grant of summary judgment. *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2011). A court should grant summary judgment if it finds "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, a court must "resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir. 1994).

Hazelwood argues material issues of fact exist as to whether Highland provided her with a reasonable accommodation. Drawing all factual inferences in favor of Hazelwood, we find her argument to be without merit. A reasonable

accommodation "enable[s] an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii). Employers are not required to provide an accommodation that the employee prefers—all that is required is that the employer provide an effective accommodation. *Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 95 (2d Cir. 2015) (citing *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 400 (2002)). Highland provided Hazelwood with an effective accommodation by having her co-workers and supervisors relay, on Hazelwood's behalf, critical test results to requesting physicians. Hazelwood concedes the accommodation allowed her to fulfill her job duties and provides no evidence to suggest any of those test results were not relayed to physicians or were delayed beyond the requisite time frame for delivering them.

Hazelwood also asserts material issues of fact exist concerning whether Highland unlawfully retaliated against Hazelwood because she complained of discrimination. We disagree.

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took an adverse employment action against her; and (4) there is a causal connection between the alleged adverse action and the protected activity. *See Treglia v. Town of Manlius* 313 F.3d 713, 719 (2d Cir. 2002). An employee's complaint can constitute protected activity "so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer

3

violated [the ADA]." *Gregory v. Daly*, 243 F.3d 687, 701-02 (2d Cir. 2001) (internal quotation marks omitted).

When Hazelwood complained about the Critical Call form on December 13, 2012, that complaint did not demonstrate a good-faith, reasonable belief that Highland was violating the ADA when implementing the Critical Call form. Although the record reflects certain conclusory assertions that the Critical Call form was "discriminatory in nature" J.A. 760, the only specific complaint articulated by Hazelwood was that the form was "redundant," not that it constituted discrimination in violation of the ADA. J.A. 760-61, J.A. 115.

Even if Hazelwood could establish that she engaged in protected activity when she complained to management about the Critical Call form, she fails to establish a causal connection between the protected activity and her termination. While a causal connection can be established indirectly by showing that the protected activity was closely followed in time by the adverse employment action, *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010), the temporal nexus here – ten months – is insufficient to establish such a connection, *see Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (noting that prior cases "uniformly hold that the temporal proximity must be 'very close'"). Additionally, Hazelwood's supervisors began calling performance deficiencies to her attention months before she complained to management about the Critical Call form. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever

4

engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance America Corp.*, 248 F.3d 87, 95 (2d Cir. 2001).

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court